**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KRISTOPHER JOHNSON, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | |
| v. | Civil Action No. |
| CITIZENS DISABILITY, LLC, a Massachusetts limited liability company, | |
| *Defendants*. | |

**CLASS ACTION COMPLAINT**

**(Jury Trial Demanded)**

**BRIEF SUMMARY**

1.      Plaintiff Kristopher Johnson ("Johnson" or "Plaintiff") brings this Class Action Complaint ("Complaint") against Defendant Citizens Liability, LLC ("Citizens Disability" or "Defendant") to: (1) stop Defendant's practice of systematically making text message calls to consumers who did not provide their prior written express consent to receive them, (2) stop Defendant from continuing to make text message calls to cellular telephones after consumers have revoked any apparent consent to receive such messages, (3) enjoin Defendant from continuing to make text message calls to consumers who have registered their cellular telephone number on the National Do Not Call Registry, and (4) obtain redress for all persons injured by Defendant's conduct. Plaintiff Johnson, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      Defendant Citizens Disability offers services to assist disabled persons in applying for Social Security Disability benefits in exchange for a percentage of those benefits. In an effort to market its services, Citizens Disability made (or directed to be made on its behalf) autodialed text message calls to the cellular telephones of Plaintiff and other members of the alleged Classes without first obtaining express consent to do so and after Plaintiff and other members of the putative Classes replied "STOP"—all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3.      By making these autodialed text message calls, Citizens Disability caused actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompany the receipt of repeated unsolicited text messages. Plaintiff and the other Class members were further harmed insofar as the calls interfered with their use and enjoyment of their cellular telephones and reduced the allotted memory and data from their phones.

4.      Congress enacted the TCPA to protect consumers from autodialed phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief requiring: (1) Defendant to cease all autodialed telephone calling activities to cell phones without first obtaining prior express consent; (2) to stop sending text messages to Plaintiff and the class after they reply STOP or otherwise request that Defendant's text messages stop, and (3) to stop sending repeated text messages to those on the Do Not Call List. Plaintiff also seeks an award of statutory damages to the members of the Class under the TCPA, plus court costs and reasonable attorneys' fees.

## PARTIES

5.      Plaintiff Johnson is a natural person over the age of eighteen (18) and a citizen of

the Commonwealth of Virginia.

6.      Defendant Citizens Disability, LLC, is a limited liability company organized in and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 1075 Main Street, 4th Floor, Waltham, MA 02451.

## JURISDICTION & VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

8.      This Court has personal jurisdiction over Citizens Disability because it solicits significant consumer business in this District, is headquartered in this District, has entered into business contracts in this District, and a portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is located in this District, solicits a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON ALLEGATIONS OF FACT

A.      **Bulk SMS Marketing**

10.     In recent years, companies that have felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which they can send bulk messages cheaply and instantly.

11.     Bulk text messaging, or SMS marketing, has emerged as a new and direct method of communicating and soliciting consumer business. The term "Short Message Service," or "SMS," is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

12.     When an SMS message call is successfully made, the recipient's cellular telephone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and frequently carried on their owners' person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide and instantaneously. Text messages are calls under the TCPA.

B.      **Defendant Systematically Transmits Text Messages to Consumers Who Have Never Consented to Receive Text Messages from Defendant and to Consumers Who Have Opted-Out of Receiving Such Text Messages.**

13.     Citizens Disability continues to send text messages to consumers like Plaintiff and the proposed Class without their consent—often to consumers with whom Defendant has had no prior dealings or relationship.

14.     Moreover, Defendant's text messages do not allow recipients like Plaintiff and the Class members cost-free means of opting-out of receiving future text messages. In fact, they do

not include opt-out instructions in their text messages at all, so consumers have no way of knowing their ability or the procedures to opt-out of receiving future text messages.

15.    In a 2015 Press Release, the Federal Communications Commission clarified the right of consumers to revoke their consent to receive text messages:

> **"Empowering Consumers to Say 'Stop' –** Consumers have the right to revoke their consent to receive robocalls and robotexts in any reasonable way at any time."[1]

16.    In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant (and/or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

17.    Defendant was at all times aware that these above described text messages have been made without prior express consent and after consumers have opted-out of further messaging. For example, one online complaint in 2015 states as follows:

> "Citizens Disability LLC has never done business with me and violated the NO CALL list to spam my personal cell phone with an unsolicited offer of insurance. I am not a customer and previously opted out of all such offers to prevent unwanted offers of credit and unwanted offers of insurance. I have reported them and others like them … , but they keep calling. This company called on August 6, 2015, at 12:07pm using an automated phone service with a caller ID listing of "Worcester MA…[.]"[2]

## PLAINTIFF'S EXPERIENCE WITH DEFENDANT

---

[1] http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0619/DOC-333993A1.pdf

[2] http://www.bbb.org/boston/business-reviews/social-security-servicds/citizens-disability-llc-in-waltham-ma-124756/customer-reviews/

18.     On December 20, 2006, Plaintiff Johnson registered his cellular telephone number on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls on his cellular phone.

19.     In or around November 2015, Plaintiff Johnson began receiving text messages and voice calls on his cellular phone from several different numbers, claiming to be from "disability advocates" and asking to know whether he would like to speak to an advocate or attorney.

20.     After answering one of the phone calls, Johnson was connected to a live operator who identified herself as a representative of Citizens Disability.

21.     The operator stated that Citizens Disability would assist Plaintiff with the filing of a Social Security claim and would then receive a percentage of any benefits recovered as compensation.

22.     The information Citizens Disability's operator told Plaintiff over the telephone demonstrates that even though the text messages Plaintiff received offered a simple advocate or attorney referral, the texts were made for a commercial purpose. That is, Citizens Disability's goal was to gather leads for potential Social Security claims from which Citizens Disability would recover a percentage fee. The text messages and calls were to advertise Defendant's services and therefore constitute telemarketing.

23.     Johnson told the operator he was not interested in Citizen Disability's services, that he was registered on the National Do Not Call Registry, and he asked them to stop sending him text messages.

24.     Notwithstanding this, Plaintiff has continued receiving these text messages repeatedly, sometimes 4-6 times per day, since November 2015. He requested that Citizens

Disability stop sending him text messages by replying "do not text" and "Stop" multiple times.

25.     In spite of these requests, Plaintiff continues to receive text messages from Defendant.

26.     Plaintiff Johnson believes he has received over 15 text messages from Citizens Disability after he requested that Citizens Disability stop sending him such messages.

27.     Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and never requested that Defendant send text messages to him or offer him its services. Simply put, Plaintiff has never provided any form of prior express written or oral consent to Defendant to send him text message and has no business relationship with Defendant.

28.     Defendant is, and was, aware that the above-described text messages were sent to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

29.     By making the unauthorized text message calls as alleged herein, Defendant has caused consumers actual harm. As in the present case, a consumer could be subjected to many unsolicited text messages given Defendant's systematic failure to properly process consumers' opt-out requests.

30.     In order to redress these injuries, Plaintiff, on behalf of himself and a class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("47 U.S.C. § 227" or "TCPA"), which prohibits unsolicited voice and text calls to cellular telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

31.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes defined as follows:

**No Consent Class**: All persons in the United States who (1) received a text message by or on behalf of Defendant, (2) on his or her cellular telephone, (3) from the last four years through present, and (4) for who Defendant claims it obtained express consent to send text messages in the same manner that Defendant contends it obtained express consent to text message the Plaintiff.

**Replied Stop Class**: All persons in the United States who (1) received at least one text message by or on behalf of Defendant, (2) on his or her cellular telephone, (3) from the last four years through present, (4) after they had replied "DO NOT TEXT", "STOP", "QUIT", or "END" to any of Defendants' text messages.

**Do Not Call Registry Class**: All persons in the United States who (1) received text messages by or on behalf of Defendant more than one time on his/her cellphone; (2) within any 12-month period from the last four years through present, (3) where the cellphone number had been listed on the National Do Not Call Registry for at least thirty (30) days; (4) for the purpose of soliciting Defendant's services, and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

32.    The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents

have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys and Defendant's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

33.     Membership in the Classes is completely objective and can be readily ascertained through examination of Defendant's records, including data stored within and/or related to its messaging equipment and data stored on Defendant's servers related to its websites. Class member phone records could also be used secondarily to verify Class membership.

34.     On information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

35.     There are several questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class members that may be answered in a single stroke include, but are not limited to, the following:

    (a)     whether Defendant's conduct constitutes a violation of the TCPA;

    (b)     whether Defendant continued to send text messages to cell phones after the primary users of those phones responded for the messages to "STOP" or with comparable instructions;

    (c)     whether Defendant failed to provide a cost-free means of opting-out;

    (d)     whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Classes;

(e)      whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

(f)      whether Plaintiff and the Class revoked their consent by replying STOP or otherwise requesting Defendant's text messages stop;

(g)      whether Defendant unlawfully made text messages calls to Plaintiff and other consumers who registered their number on the National Do Not Call Registry; and

(h)      the proper measure of damages.

36.      The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same, resulting in nearly identical injuries to the Plaintiff and to all of the members of the Classes. These injuries include the annoyance and aggravation associated with receiving such messages, as well as the loss of data and temporary inability to enjoy and use their cellphones, which directly result from the transmission of the wireless spam alleged herein. Defendant's text messages additionally interfered with the Class members' cell phone data and, given Defendant's faulty opt-out mechanism, caused a reduction in available data on any data plan. Plaintiff and the other members of the Classes have all suffered substantially similar harm and damages as a result of Defendant's unlawful and wrongful conduct of transmitting wireless spam. Plaintiff's claims are typical of the claims of the members of the Classes, as all members of the Classes are similarly affected by Defendant's wrongful conduct. Plaintiff, like other members of the Classes, received unsolicited spam text message calls from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of himself and all absent members of the Classes.

37.      Plaintiff will fairly and adequately represent and protect the interests of the other

members of the Classes. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Classes. Plaintiff has no interest antagonistic to the interests of the other members of the proposed Classes and is subject to no unique defenses. Plaintiff received the text messages after requesting that they stop. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

38.     The suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendant to discontinue sending unsolicited and unauthorized spam text messages to consumers that have expressly responded for the messages to STOP. Likewise, Defendant has acted, and/or fails to act, on grounds generally applicable to the Plaintiff and the other members of the Classes by transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

39.     In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation, in that it conserves the resources of the courts

and the litigants, and promotes the consistency and efficiency of adjudication. The claims asserted herein are applicable to all customers throughout the United States of America, who received an unsolicited spam text message from Defendant. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes could afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

40.     Adequate notice can be given to the members of the Classes directly using information maintained in Defendant's records or through notice by publication.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.**

**(On behalf of Plaintiff and the No Consent Class)**

41.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42.     Defendant failed to obtain prior express written or oral consent to place text message calls to Plaintiff or to the other members of the No Consent Class.

43.     At no time did any member of the No Consent Class provide prior express written or oral consent for Defendant to place text message calls to them on their cellular phones using its autodialer equipment. Despite their lack of consent, Defendant and/or its agent sent text messages to No Consent Class Members repeatedly using its autodialer equipment, which has the capacity to generate and store and dial numbers, en masse, in random or sequential order without human intervention.

44.     Based on such conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of its conduct, Plaintiff and the other members of the No Consent Class are each entitled, under section 227(b)(3)(B), to a minimum of $500.00 in damages for each violation of the TCPA.

45.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.**

**(On behalf of Plaintiff and the Replied Stop Class)**

46.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

47.     Defendant, and/or its agent, transmitted unsolicited text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Classes using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone

numbers, and to dial such numbers, en masse, without human intervention. The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

48.     These text calls were made en masse and without the consent of the Plaintiff and the other members of the Replied Stop Class to receive such wireless spam. Indeed, all Replied Stop Class members had revoked consent because each had responded "STOP" (or similar language such as "END" or "QUIT") to Defendant's text messages.

49.     The text messages to Plaintiff and the Replied Stop Class were made after any consent had been expressly revoked. This alone violates the TCPA.

50.     Additionally, Defendant's supposed opt-out mechanism is not cost free to cellular telephone owners. Among other things, it requires the transmission of data from the user's cellular phone that results in a reduction of the user's allowable data. Additionally, the opt-out feature provided by the Defendant is non-functioning.

51.     Based on such conduct, Defendant Citizens Disability has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of its conduct, Plaintiff and the other members of the Replied Stop Class are each entitled, under section 227(b)(3)(B), to a minimum of $500.00 in damages for each such violation of the Act.

52.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Replied Stop Class.

53.     Additionally, because the messages steadily continue despite multiple requests to Defendant that they STOP, the violations are capable of repetition, even if Citizens Disability

was to temporarily place them on hold.

## THIRD CAUSE OF ACTION

### Violation of 47 U.S.C. § 227, *et seq.*

### (On behalf of the Plaintiffs and Do Not Call Registry Class)

54.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

55.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights in avoiding the receipt telephone solicitations to which they object.

56.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

57.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.'" The Commission's Report and Order, in turn, provides as follows:

The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and

must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

58. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date

of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

59.     Defendant violated § 64.1200(c) by initiating, or causing to be initiated, text message solicitations to wireless telephone subscribers such as Plaintiff and Do Not Call Registry Class members who registered their respective cellular telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the United States government. These consumers requested to

not receive calls from Defendant, as set forth in § 64.1200(d)(3).

60.     Defendant, and/or its agent, made more than one unsolicited telephone text message call to Plaintiff and members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Do Not Call Registry Class never provided any form of consent to receive text message calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to members of the Class.

61.      Defendant violated § 64.1200(d) by initiating calls for telemarketing purposes to wireless telephone subscribers, such as the Plaintiff and members of the Do Not Call Registry Class, without instituting procedures to comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them. Defendant failed to have a written policy, available upon demand, for maintaining a do-not-call list. Defendant likewise has failed to train its personnel engaged in any aspect of telemarketing so that such persons are informed and trained in the existence and use of the do-not-call list.

62.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

63.     As a result of Defendant's conduct as alleged herein, Plaintiffs and the Do Not Call Registry class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500.00 in damages for such violations of § 64.1200.

64.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kristopher Johnson, on behalf of himself and the class, prays for the following relief:

A.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Johnson as the representative of the Class and appointing his attorneys' as Class Counsel;

B.     An award of actual and statutory damages under the TCPA, to be trebled in the event the Court finds that Defendant has acted knowingly and willfully;

C.     An injunction requiring Defendant to cease all wireless spam activities, and otherwise protecting the interests of the Class;

D.     An award of reasonable attorneys' fees and costs; and

E.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: April 11, 2016                    **KRISTOPHER JOHNSON**, individually, and on
                                         behalf of all others similarly situated,

                                         By: /s/___Julie Tolek_____
                                                 One of Plaintiff's Attorneys

                                         Julie Tolek, Esq.
                                         julie@thinkpinklaw.com
                                         Think Pink Law
                                         160 Speen Street, #202
                                         Framingham, MA  01701
                                         Tel: (617) 752-1739
                                         Fax: (617) 419-1181

                                         Stefan Coleman*
                                         law@stefancoleman.com
                                         Law Offices of Stefan Coleman, LLC
                                         201 S Biscayne Blvd., 28th Floor
                                         Miami, FL 33131
                                         Tel: 877-333-9427
                                         Fax: 888-498-8946

                                         Steven L. Woodrow*
                                         swoodrow@woodrowpeluso.com
                                         Patrick H. Peluso*
                                         ppeluso@woodrowpeluso.com
                                         Woodrow & Peluso, LLC
                                         3900 East Mexico Ave., Suite 300
                                         Denver, Colorado 80210
                                         Tel: (720) 213-0675
                                         Fax: (303) 927-0809

                                         Attorneys for Plaintiff and the Class

                                         * *pro hac vice* application to be filed